UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES RANDALL NICHOLS** | : | **CIVIL ACTION NO. 2:14-cv-3101** |
| B.O.P. #24268-112 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHARLES MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 13] filed by Charles Maiorana ("respondent") relating to the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by James Randall Nichols ("petitioner"). Doc. 13. The petitioner opposes the motion. Doc. 15. For the reasons stated below, we recommend that the Motion to Dismiss be **GRANTED** and that the action be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

The petitioner was indicted in the Western District of Missouri on several counts related to his role in a fraud "involving the sale of nonexistent motor vehicles from a nonexistent probate estate." *United States v. Nichols*, 416 F.3d 811, 814–15 (8th Cir. 2005). Following a jury trial, he was convicted on June 6, 2003, of multiple counts, including money laundering, 18 U.S.C. § 1956, and fraud, 18 U.S.C. § 2314. *Nichols v. United States*, No. 4:02-cr-114 (W.D. Mo. 2003). On December 3, 2003, he was sentenced to a total term of imprisonment of 292 months. *Id.* at doc. 318. The petitioner sought review in the United States Court of Appeals for the Eighth Circuit, which affirmed his conviction and sentence. *Id.* at doc. 379. He then sought review in the United

States Supreme Court, which denied his petition for a writ of certiorari. *Nichols v. United States*, 126 S.Ct. 1633 (2006).

On June 4, 2009, the petitioner filed a motion entitled "Petition for Writ of Error Coram Nobis and/or Audita Querela" in the trial court. *Nichols*, No. 4:02-cr-114, at doc. 405. Among his claims for relief was a challenge to the money laundering convictions under *United States v. Santos*, 128 S.Ct. 1994 (2008), alleging that the money laundering counts merged with other counts of the indictment due to the fact that "proceeds" were not more narrowly defined in the relevant money laundering statute. *Id.* at doc. 405. The trial court construed his motion for a writ of error *coram nobis* as a request for relief under 28 U.S.C. § 2255 and denied it as untimely. *Id.* at doc. 410, p. 2. It also denied the request for relief *audita querela*,[1] noting first that *audita querela* was an inappropriate vehicle for relief in the instant case and then that, even if the writ were procedurally proper, the petitioner would not prevail on the merits. *Id.* at 2–5.

The petitioner then filed an application under 28 U.S.C. § 2241 in this court on October 23, 2014. Doc. 1. Here he again raised the Supreme Court's decision in *Santos*. We noted that *Santos* had been made retroactive on collateral review in limited circumstances after the petitioner's conviction. Doc. 3. Accordingly, we ordered the petitioner to amend his pleadings and address those circumstances, in order to show a right to relief through § 2241 under the savings clause of § 2255. *Id.* The petitioner complied and we ordered service of the petition. Docs. 4, 6.

Respondent filed the instant motion to dismiss alleging that the amended pleadings still failed to meet the requirements of *Santos*' retroactive applicability, meaning that the petitioner had not satisfied the savings clause and this court lacked jurisdiction over his petition.

---

[1] *Audita querela* is a common law writ directed against the enforcement of a judgment that was just and unimpeachable when rendered, but has become unjust due to matters arising thereafter. *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010).

## II.
## LAW & ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). The burden of proving subject matter jurisdiction lies with the party invoking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, the petitioner "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However, a motion to dismiss for lack of subject matter jurisdiction is only properly granted when it appears certain that the petitioner cannot prove any set of facts that establish subject matter jurisdiction. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

As explained in our previous order, satisfaction of § 2255's savings clause is necessary to invoke this court's jurisdiction. Doc. 3. While federal prisoners are normally barred from challenging the legality of their convictions or sentences under § 2241, they may do so if § 2255's remedy is "inadequate or ineffective to test the legality of . . . detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must establish through the savings clause that (1) his claim is based on a retroactively applicable Supreme Court decision and (2) that claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Here the petitioner's savings clause claim arises through *Santos*, 128 S.Ct. 1994.[2] *See* docs. 3, 4. The Fifth Circuit has ruled that his case is retroactive on collateral review, but only where 1) defining proceeds as gross receipts rather than profits under a money laundering statute would create a "perverse result" (i.e., a merger problem) or 2) where the legislative history of the statute justifies such an interpretation. *Garland v. Roy*, 615 F.3d 391, 399–402 (5th Cir. 2010) (quoting *Santos*, 128 S.Ct. at 2034 n. 7 (Stevens, J., concurring).

The petitioner argues that *Santos* is retroactively applicable under the first category, as the money laundering statute under which he was convicted defines the crime as follows:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
> . . .
> (B) knowing that the transaction is designed in whole or in part—
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity
> . . .
> shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956(a)(1). He contends that the statute's failure to define "proceeds" as profits only rather than gross receipts means that the conduct that formed the basis of his money laundering conviction merged into the conduct that formed the basis of his fraud conviction, as episodes of fraud could include transactions involving the gross receipts (namely, payments to victims in a

---

[2] Through his amended pleadings the petitioner also raises allegations relating to the calculation of total losses by the trial court for his scheme. Doc. 4, pp. 4–5. However, he does not explain how these allegations show a right to relief under the savings clause, as the clarifying amendment to which he refers was in place at the time the petitioner was convicted and sentenced in 2003. *See United States v. Van Alstyne*, 584 F.3d 803, 817 (5th Cir. 2009) (discussing U.S.S.G. App. C. amend. 617 (effective November 1, 2001).

Ponzi scheme or payments to his co-defendants).[3] However, as the trial court found and the respondent now points out:

> The money laundering counts Nichols was convicted of include conduct that was separate from the fraud conduct. Specifically, Nichols sent fraud proceeds to co-defendant Conway in Missouri who then transported the proceeds to co-defendant Blake who then deposited them into an account in California. The money laundering charges focus on the subsequent financial transactions after the fraud proceeds were initially deposited including drawing checks from that bank account and then using those checks to purchase casino chips. The money laundering counts were based on subsequent transactions designed to make it more difficult to trace and locate the funds; this is the precise definition of money laundering. *See United States v. Norman*, 143 F.3d 375, 377 (8th Cir. 1988).

*Nichols*, No. 4:02-cr-114, doc. 410, p. 5. The petitioner's pleadings fail to offer any rebuttal to the above findings. Accordingly, he cannot show that a merger problem was created by the definitions used in his money laundering conviction. His failure to satisfy the savings clause of § 2255 means that he cannot invoke this court's § 2241 jurisdiction over his claims.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 13] be **GRANTED** and that the instant case be **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[3] The petitioner notes that the jury instructions given at his trial defined "proceeds" to include "money acquired during a fraud scheme." Doc. 15, p. 3. He also notes that the court specifically instructed the jury that "the interstate transportation of property of fraud falls within the definition." *Id.* at 3–4. The jury instructions have been filed under seal and cannot be viewed by chambers staff. *See Nichols*, No. 4:02-cr-114, doc. 232. For the purposes of this review, we accept the petitioner's contention as true.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 28 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE